UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN DAVIS,

               Petitioner,

               v.                              CAUSE NO.: 3:22-CV-19-JD-MGG

WARDEN,

               Respondent.

OPINION AND ORDER

Brian Davis, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Miami Correctional Facility (ISF 21-08-0187) in which he was found guilty of battery. (ECF 1.) For the reasons stated below, the petition is denied.

The charge against Mr. Davis was initiated on August 4, 2021, when Indiana Department of Correction Investigator/STG Coordinator[1] K. Nauman wrote a conduct report stating as follows:

> On 8/4/21 at approximately 10:51 in the OII STG Office, I Investigator/STG Coordinator K. Nauman reviewed the final report of investigation regarding Offender Davis, Brian 931637. During the course of the investigation, it was determined that Offender Davis did in fact assault Offender Whorton, Glenn 249411 with an unknown object on July 2nd 2021 in 17 North cube 1 bed 4 A Side at approximately 3:58 PM. Offender Davis can be seen grabbing his waistline before the altercation. After the incident, Davis is observed placing something in his waistband as he leaves the cube. Photos of Offender Whorton indicated injury was present. Medical documentation stated a small puncture wound was

---

[1] "STG" refers to a "security threat group," such as a street gang. *See Calderon v. Warden*, No. 3:19-CV-737-RLM-MGG, 2020 WL 4676567, at *1 (N.D. Ind. Aug. 12, 2020).

evident. Upon interviewing Offender Davis, he stated he was involved in an altercation in 17 north and possibly went into the first cube on the alpha side to one of the first 5 beds.

(ECF 5-1). Photographs of the victim's injuries were also submitted. (ECF 6-8.) A confidential investigation report was also prepared. (ECF 9.) An edited version of the report was released to Mr. Davis stating as follows:

> On 8/4/21 at approximately 10:51 in the OII STG Office, I Investigator/STG Coordinator K. Nauman reviewed the final report of investigation regarding Offender Davis, Brian 931637. During the course of the investigation, it was determined that Offender Davis in fact assaulted Offender Whorton, Glenn 249411 with an unknown object causing injury.

(ECF 5-2.)

On August 13, 2021, Mr. Davis was formally notified of the charge and given a copy of the conduct report. (ECF 5-3.) He pled not guilty and requested a lay advocate, and one was appointed for him. (*Id.*) He requested a witness statement from the victim, Whorton, to state that it was not Mr. Davis who assaulted him. (*Id.*) He also requested review of the surveillance video to show that he did not assault the victim. (*Id.*)

Prior to the hearing, the hearing officer reviewed the video evidence as requested and summarized it as follows:

> On 08/25/21, I SGT Ethridge reviewed camera footage as requested by you. During this review I observed you entering cube one. The other offender is laying in bed 3 lower. As you approach his bed I observe you reach into your waistline. Once at the bed I observe you lean down and begin assaulting the other offender. As you leave the bed, I observe something in your hand. Once you exit the cube, I observe you placing something back into your waistband. The other offender gets up and begins looking at his wounds and holding his side and arm.

(ECF 5-5). The video was not disclosed to Mr. Davis for security reasons. (*Id.*) A

statement was obtained from inmate Whorton pursuant to Mr. Davis's request, and he

stated:

> On the day of the offense, Mr. Davis was not the person who stabbed me or
> cause any harm to me, he in fact in courage me to get medical treatment but I
> refused my injuries did not come from Mr. Davis nor did he harm threating
> or conspire to hurt me.

(ECF 5-6) (errors in original).

On August 16, 2021, the hearing officer held a hearing on the charge. He noted

that Mr. Davis pled not guilty but made no other statement in his defense. (ECF 5-4.)

Based on the evidence, he found Mr. Davis guilty, determining that the charge was

"accurate per video/pictures." (*Id.*) Mr. Davis was sanctioned with the loss of earned-

time credits, temporary placement in restrictive housing, and a demotion in credit-

earning class. (*Id.*) The hearing report reflects that the hearing officer chose these

sanctions due to the seriousness of the offense, the frequency and nature of Mr. Davis's

disciplinary infractions, and the likelihood that the sanction would have a "corrective

effect" on his future behavior. (*Id.*)

When prisoners lose earned-time credits in a disciplinary proceeding, the

Fourteenth Amendment Due Process Clause guarantees them certain procedural

protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity

to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and

present documentary evidence when consistent with institutional safety and

correctional goals; and (4) a written statement by the decisionmaker of the evidence

relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there also must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Davis raises two claims in his petition containing various subparts. The court summarizes his claims as follows: (1) he was denied due process because the hearing officer was not impartial; (2) there was insufficient evidence of his guilt; (3) he was denied due process because of an alleged error in the conduct report; and (4) he did not have an opportunity to meet with his lay advocate prior to the hearing.[2] (ECF 1 at 2.)

He first argues the hearing officer was not impartial. Prison adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* Due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.*

Mr. Davis does not argue—nor does the record reflect—that the hearing officer was involved in the underlying incident leading to the disciplinary charge. Instead, he

---

[2] Mr. Davis was granted until April 22, 2022, to file a traverse in support of his petition. (ECF 2.) None was received by that deadline. In the interest of justice, the court on its own motion extended the deadline to May 23, 2022. (ECF 14.) That deadline has passed and no traverse was filed.

argues that the hearing officer was biased because he found him guilty even though the victim said it was not Mr. Davis who assaulted him. However, the hearing officer was entitled to resolve conflicts in the evidence. *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006). The mere fact that the hearing officer ruled against him does not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

He also argues that the hearing officer improperly wrote down that he made no statement in his defense, which he finds in conflict with the other portion of the hearing report, wherein the hearing officer checked the box indicating that he considered the "statement of offender" in reaching his decision. (ECF 5-4.) The court sees no conflict. The confidential investigation report—which was presented to and considered by the hearing officer— reflects that Mr. Davis made statements about his actions on the date in question in the course of the prison's investigation into this incident. A summary of his statement was included in the conduct report itself. The statement he made about his actions was vague and not particularly exculpatory even though he denied assaulting Whorton. He acknowledged that he "was involved in an altercation" in that area on the date in question and "possibly went into the first cube . . . to one of the first 5 beds." (ECF 5-1.) The fact that the hearing officer considered this statement does not show impermissible bias. This claim is denied.

Mr. Davis next challenges the sufficiency of the evidence. In his view, he could not be found guilty because the victim said he was not his attacker. The some evidence test "is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).  "Even meager proof will suffice, so long as

the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* Prison disciplinary bodies are entitled to resolve conflicts in the evidence, as long as "some evidence" supports the decision. *Johnson*, 467 F.3d at 695. A conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Likewise, circumstantial evidence can be sufficient to satisfy the "some evidence" test. *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). It is not the province of a federal habeas court to reweigh the evidence to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. Rather, the only question on habeas review is whether there is some evidence to support the hearing officer's determination. *Id.*

Mr. Davis was found guilty of Offense 102, "Battery Against Offender," which is defined by the Indiana Department of Correction ("IDOC") disciplinary code as:

> Committing battery[3] against another offender (1) with a weapon; (2) with bodily fluids, including but not limited to saliva, urine, feces, semen, or blood; or (3) resulting in serious bodily injury.

(ECF 5-9.) The video evidence, photographs of the victim, and confidential investigation report provide sufficient support for the hearing officer's determination that Mr. Davis committed battery against an offender within the meaning of the disciplinary code. As stated, the hearing officer was not required to credit Mr. Davis's denials or the statement of the victim. The hearing officer could have reasonably concluded that the

---

[3] Battery, in turn, is defined as "[k]nowingly or intentionally touching another person, directly or indirectly, in a harmful or offensive manner." IDOC Disciplinary Code, Policy & Admin. Proc. No. 02-04-101 (eff. Mar. 1, 2020).

victim said Mr. Davis wasn't his attacker because he was afraid of what might happen if he implicated him. It is also possible that the victim did not get a good look at his attacker, but the video evidence speaks for itself. The hearing officer's decision was amply supported by the video evidence and the photographs of the victim's injuries.

Mr. Davis also suggests that he could not be found guilty of battery because no weapon was ever recovered. This was not a criminal trial, however, and his guilt did not have to be proven beyond a reasonable doubt.[4] *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). As stated, there only had to be "some" evidence of guilt to satisfy due process, and circumstantial evidence can suffice. *Meeks*, 81 F.3d at 721. To that end, Mr. Davis can be seen on video taking an object out of his waistband immediately prior to the attack, and the photographs reflect that the victim suffered some type of puncture wound in the attack. This is sufficient evidence to prove that Mr. Davis used a weapon to batter another inmate.

To the extent he is complaining that the video evidence and photographs were kept from him, under the Due Process Clause he had a right to request evidence in his defense, but not necessarily to personally review the evidence. *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). That is because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." *Id.* The court has reviewed the surveillance video, photographs, and confidential investigation report and concludes that if they were disclosed to Mr. Davis, prison

---

[4] He asserts that the evidence had to establish his guilt "by a preponderance of the evidence," but this is incorrect. *See Hill*, 472 U.S. at 455.

security could be compromised. *See Wolff*, 418 U.S. at 566; *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011); *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003). They are appropriately kept under seal. Based on the court's review, there is also nothing exculpatory within these records. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). He has not established a due process violation.

Mr. Davis next claims that his due process rights were violated because of an alleged error in the conduct report. The conduct report and notice provided to Mr. Davis charged him with violating IDOC disciplinary offenses "111/102." Offense 102 is battery (as previously defined), and Offense 111 is "Conspiracy/Attempting/Aiding or Abetting," which is defined as "[a]ttempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense." IDOC Disciplinary Code, Policy & Admin. Proc. No. 02-04-101, App'x A, Offenses (eff. Mar. 1, 2020). Battery is a "Class A" offense under the code. *Id.*

Mr. Davis appears to argue that the IDOC disciplinary code does not allow staff to list two offenses on the same conduct report. Even if he is correct, a violation of internal prison policy does not present a cognizable basis on which to grant him federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due process").

Although unclear, he may be claiming that the conduct report did not adequately notify him of the charge. Under *Wolff*, the notice given "should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v.*

*Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). Mr. Davis received such notice. He was given significantly more than 24 hours' notice, as he was formally notified of the charge on August 13, 2021, and the hearing was held on August 26, 2021. The conduct report stated that he was charged with battery and/or attempted battery or conspiracy to commit battery, and described the factual basis of the charge—his attack on inmate Whorton on August 4, 2021. Although the hearing officer ultimately concluded that the evidence more appropriately fit the definition of battery rather than attempted battery or conspiracy to commit battery, the conduct report provided all the information Mr. Davis needed to mount a defense. *Northern*, 326 F.3d at 911. He was clearly aware of the facts giving rise to the charge and did in fact mount a defense, obtaining a witness statement from the victim and arguing that he was not the one who attacked him. He has not demonstrated that there was a flaw in the conduct report, or that any flaw prejudiced his ability to defend himself. *See Piggie*, 342 F.3d at 666 (harmless error analysis applies to prison disciplinary proceeding). This claim is denied.

In his final claim, Mr. Davis argues that he did not have an opportunity to meet with his lay advocate prior to the hearing. It appears he is relying on internal prison rules in making this argument, but a violation of internal prison policy does not provide a basis for granting him federal habeas relief. *Estelle*, 502 U.S. at 67–68; *Keller*, 271 F. App'x at 532. For federal due process purposes, a lay advocate is only required when an inmate is illiterate or the issues are unduly complex. *Wolff*, 418 U.S. at 570; *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Here, Mr. Davis's claim has no traction because he was in fact provided with a lay advocate. Even if he wasn't given one, his

filings reflect that he is not illiterate, as he filed a detailed administrative appeal and the present petition, both of which contain cogent arguments challenging the guilty finding. Nor was this a particularly complex case. The crux of the case was that Mr. Davis was seen on video attacking inmate Whorton. He was able to mount a defense, in that he obtained a witness statement from the victim and argued that he was not the one who attacked him. His "displeasure with his lay advocate's performance [or] lack of help in preparing his case doesn't amount to a due process violation." *Cutler v. Warden*, No. 3:17-CV-477-RLM-MGG, 2018 WL 4468963, at *3 (N.D. Ind. Sept. 18, 2018). This claim is denied.

For these reasons, the court:

(1) GRANTS the motion to maintain evidence under seal (ECF 11);

(2) DENIES the petition (ECF 1); and

(3) DIRECTS the clerk to close this case.

SO ORDERED on June 1, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT